**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KAISAR SAKAN,

Petitioner,

v.

JAMES JANECKA, et al.,

Respondents.

**CASE NO.** 5:26-CV-04603-CTS

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

## I. INTRODUCTION

On August 14, 2026, Petitioner Kaiser Sakan ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States because his bond hearing was constitutionally deficient. (*See generally id.*) On August 21, 2026, Respondents filed an Answer to the Petition. (Ans., ECF No. 6.) On August 22, 2026, Petitioner filed his Reply. (Rep., ECF No. 7.) In response to the Court's Order, on August 31, 2026, Respondents filed the transcript of Petitioner's August 3, 2026 bond hearing before

an Immigration Judge ("IJ") ("Transcript"). (Tr., ECF No. 9-1.) For the reasons set forth below, the Court DISMISSES the Petition WITHOUT PREJUDICE.

## II. BACKGROUND

The Petition alleges that Petitioner is a native of the People's Republic of China and a citizen of Kazakhstan who entered the United States on November 8, 2022, as a B-2 nonimmigrant visitor with an authorization to remain until May 7, 2023. (Pet. ¶¶ 21, 22.[1]) While in the United States, Petitioner pursued immigration relief by filing a Form I-589 application for asylum and withholding of removal. (*Id.* at ¶ 23.)

On June 26, 2026, Petitioner was involved in a roadside dispute with another driver and arrested for drawing or exhibiting an imitation firearm in violation of California Penal Code § 417.4, a misdemeanor, and then released on a written Notice to Appear. (*Id.* at ¶ 24.) According to Petitioner, neither he nor the other driver was willing to yield the right-of-way; a verbal argument ensued; and Petitioner punched the other driver in the eye. (Pet. Ex. D, ECF No. 1-2, at 26.) The other driver then picked up a rock and Petitioner took an "air gun" out of his car for protection. (*Id.*) The charge remains pending. (Pet. ¶ 24.)

Petitioner resided at a fixed address in West Covina, had steady employment, and complied with tax obligations. (Pet. ¶ 30.) On July 1, 2026, ICE officers arrested Petitioner at his residence and transported him to the Adelanto ICE processing center. (*Id.* at ¶ 26.) Through counsel, Petitioner filed an Emergency Motion for a Bond Redetermination Hearing on July 19, 2026. (*Id.* at ¶ 28.) Petitioner's motion was supported by documents, including a sponsorship letter from a U.S. Citizen and letters of support from community members. (*Id.*) On

[1] Pinpoint citations refer to paragraphs and, where none, to the page numbers in the CM/ECF-generated headers of filed documents.

August 3, 2026, the IJ held a bond hearing and denied bond:

> So the court has reviewed all the evidence. The court is going to deny the bond request, finding [Petitioner] is a significant flight risk that cannot be mitigated with any sort of bond or alternatives to detention. That's based on his recent entry, and the fact that he overstayed his visa, the fact that he's been arrested in the United States for violating the criminal laws of the United States. The sponsor, in her letter, does not indicate how she actually knows [Petitioner], just that she knows him for the last two and a half years. And then, he also has limited forms of available relief, so the court's going to deny the request for bond based on flight.

(Tr. 6.) Petitioner reserved his right to appeal the IJ's decision to the Board of Immigration Appeals ("BIA") and filed the Petition on August 14, 2026, challenging the constitutional sufficiency of the IJ's August 3, 2026 bond determination. (Pet. ¶¶ 35–43.)

The Answer does not dispute these allegations, nor provide additional facts. (*See generally* Ans.)

## III. DISCUSSION

The Court first considers whether it has jurisdiction to decide the Petition. As Respondents argue, "§ 1226(e) precludes an alien from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." (Ans. 5 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018).) However, the Ninth Circuit has held that "the application of a statutory legal standard to an established set of facts is a quintessential mixed question of law and fact and is reviewable," and thus an IJ's application of the flight risk standard at a bond hearing is a mixed question of fact and law subject to review. *Martinez v. Clark*, 124 F.4th 775, 779–783 (9th Cir.

2024). Therefore, the Court may not review an IJ's discretionary bond determination, but retains jurisdiction under habeas to consider any error of law or claimed due process violation. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022). The Petition alleges that the IJ misapplied the legal standard and violated the Petitioner's due process rights. The Court finds it has jurisdiction to review the Petition.

Respondent argues that the Petition is not proper because Petitioner has not exhausted his administrative remedies. The Court agrees on the specific facts of this case. Petitioner reserved his right to appeal to the BIA, but that appeal has not been exhausted. "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Exhaustion in these circumstances may be excused because, on habeas review under Section 2241, "[t]he exhaustion requirement is prudential, rather than jurisdictional." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018)). However, "[p]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional." *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001) *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).

"Courts may require prudential exhaustion if: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation omitted). Exhaustion may be waived when "administrative remedies are inadequate or not

efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *S.E.C. v. G.C. George Sec., Inc.,* 637 F.2d 685, 688 (9th Cir. 1981)). Petitioner bears the burden of "demonstrat[ing] grounds for excusing the exhaustion requirement." *Leonardo*, 646 F.3d at 1161; *see also Jacinto Chacon v. Mullin*, No. 5:26-CV-03294-RAO, 2026 WL 2127177, at *4 (C.D. Cal. July 21, 2026) ("The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." (quoting *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025)).

As to the first *Puga* factor, Petitioner in this case complains that the IJ's order lacks adequate reasoning. On the facts presented here, the Court finds that the BIA's subject matter expertise would be particularly valuable. The BIA has expertise on the issues presented in the Petition and is best able to generate a proper record for review. *Puga*, 488 F.3d at 815. BIA review would help generate the BIA's own order evaluating whether the IJ's explanation was adequate. Regarding the second *Puga* factor, the Court finds that Petitioner would have an "improper shortcut" to federal court, inverting the administrative remedy scheme, *Leonardo*, 646 F.3d at 1160, without justification in this case. At the bond hearing, the IJ properly placed the burden on Petitioner, see *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196-97 (9th Cir. 2022), and the IJ based his determination that Petitioner had not met his burden of showing that he was a risk of flight on his recent entry, visa overstay, his criminal arrest, limited knowledge of sponsor, and limited forms of available relief. (Tr. at 5.) The Court does not find the IJ's decision to be facially deficient such that a "shortcut" to federal court is appropriate. The IJ's decision is the first step in a process designed to produce a reasoned decision at the administrative appellate level. Once the administrative record is complete, a federal court would have the considered agency decision to review. Finally, regarding the

third *Puga* factor, the BIA can correct the alleged deficiencies Petitioner identifies, if warranted.

Similarly, on this record, the Court does not find the IJ's decision to be facially deficient such that there are grounds for excusing the exhaustion requirement under *Laing*. The current record before the Court is not sufficient to demonstrate that an appeal of the IJ's bond determination to the BIA would be inadequate, futile, or void or would result in irreparable injury. *See Jacinto Chacon*, 2026 WL 2127177, at *5 (finding that waiver of prudential exhaustion was not warranted); *see also An Wei v. Warden, Desert View Annex*, No. 8:26-CV-01481-JDE, 2026 WL 1916424, at *3 (C.D. Cal. June 30, 2026) ("Petitioner has not shown an appeal to the BIA in his particular case would necessarily be futile.").

As Petitioner has not shown that his failure to exhaust administrative remedies should be excused, the Petition is hereby DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

## IV. CONCLUSION

IT IS THEREFORE ORDERED THAT the Petition be DISMISSED WITHOUT PREJUDICE.

DATED: October 22, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE